UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FUNCTIONAL GOVERNMENT
INITIATIVE,

      Plaintiff,

    v.

ENVIRONMENTAL PROTECTION
AGENCY,

      Defendant.

Civil Action No. 26-0851 (CKK)

**ANSWER**

Defendant the Environmental Protection Agency (the "Agency" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Functional Government Initiative ("FGI" or "Plaintiff") on March 11, 2026, alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

Defendant responds to the Complaint in like numbered paragraphs as follows:

The allegations of the unnumbered paragraph under the heading "COMPLAINT" but before the heading "JURISDICTION AND VENUE" contain Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that this is an action under the Freedom of Information Act against the Environmental Protection Agency. Defendant denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE[1]

1.      Paragraph 1 does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

2.      Paragraph 2 does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in the District of Columbia for a properly stated FOIA claim.

## PARTIES

3.      Paragraph 3 contains Plaintiff's characterization of itself, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in this paragraph.

4.      Defendant admits only that it is an agency within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. The remainder of this paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed

---

[1]      For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required, and to the extent the headings or subheadings could be construed to contain factual allegations, those allegations are denied.

required, Defendant currently lacks knowledge or information sufficient to form a belief as to whether it has possession, custody, and control of the records Plaintiff seeks.

## STATEMENT OF FACTS

5.      As to the allegations in Paragraph 5, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff "routinely submits FOIA requests." Defendant admits only that Plaintiff's lawsuit concerns six FOIA requests to which Defendant has not finalized its responses. As to the allegations of Paragraph 5 that "[t]he requests seek records related to issues and communications under the purview of the agency," Defendant respectfully refers the Court to Plaintiff's six FOIA requests underlying this Complaint as the best evidence of their contents and denies any allegations inconsistent therewith. As to the allegations of Paragraph 5 that the records sought by these requests "would give the public significantly more transparency into the work the agency is doing, particularly the agency's administration of federally funded financial assistance award[,]" Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests.

6.      Paragraph 6 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the statute cited for a complete and accurate statement of its contents, denies any allegations inconsistent therewith, and admits only that it must comply with the FOIA.

7.      Paragraph 7 consists of Plaintiff's characterization of an Attorney General memorandum to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

8.    Paragraph 8 consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that as of the date that the Complaint was filed, Defendant had not issued a final response to Plaintiff's six FOIA requests underlying this Complaint and further avers that Agency staff began processing the six requests prior to the filing of this Complaint.  Defendant denies the remaining allegations of this paragraph.

9.    Paragraph 9 consists of a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that as of the date that the Complaint was filed, Defendant had not issued a final response to Plaintiff's six FOIA requests underlying this Complaint and further avers that Agency staff began processing the six requests prior to the filing of this Complaint.  Defendant denies the remaining allegations of this paragraph.

**A.    FGI'S FOIA REQUEST FOR RECORDS RELATING TO EPA'S UNIFORM GUIDANCE GOVERNING FEDERAL FUNDED FINANCIAL ASSISTANCE AWARDS**

10.    Defendant admits the first sentence of Paragraph 10.  The rest of the allegations of Paragraph 10 consist of Plaintiff's characterization of its FOIA request.  Defendant respectfully refers this Court to this FOIA request for a complete and accurate description of its contents and otherwise denies any allegations inconsistent therewith.

11.    Defendant admits Paragraph 11.

12.    Defendant admits Paragraph 12.

13.    Defendant admits Paragraph 13.

14.    Defendant admits Paragraph 14.

**B.    FGI'S FOIA REQUEST FOR REOCRDS OF COMMUNICATIONS WITH OMB RELATING TO EPA'S UNIFORM GUIDANCE GOVERNING FEDERAL FUNDED FINANCIAL ASSISTANCE AWARDS.**

15.    Defendant admits the first sentence of Paragraph 15.  The rest of the allegations of Paragraph 15 consist of Plaintiff's characterization of its FOIA request.  Defendant respectfully

refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and otherwise denies any allegations inconsistent therewith.

16. Defendant admits Paragraph 16.

17. Defendant admits Paragraph 17.

18. Defendant admits Paragraph 18.

19. Defendant admits Paragraph 19.

**C. FGI'S FOIA REQUEST FOR RECORDS OF COMMUNICATIONS WITH THE WHITE HOUSE RELATING TO EPA'S UNIFORM GUIDANCE GOVERNING FEDERAL FUNDED FINANCIAL ASSISTANCE AWARDS.**

20. Defendant admits the first sentence of Paragraph 20. The rest of the allegations of Paragraph 20 consist of Plaintiff's characterization of its FOIA request. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and otherwise denies any allegations inconsistent therewith.

21. Defendant admits Paragraph 21.

22. Defendant admits Paragraph 22.

23. Defendant admits Paragraph 23.

24. Defendant admits Paragraph 24.

**D. FGI'S FOIA REQUEST FOR RECORDS RELATING TO CHANGES TO EPA'S TERMS AND CONDITIONS OR GRANT AGREEMENTS UNDER THE GREENHOUSE GAS REDUCTION FUND.**

25. Defendant admits the first sentence of Paragraph 25. The rest of the allegations of Paragraph 25 consist of Plaintiff's characterization of its FOIA request. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and otherwise denies any allegations inconsistent therewith.

26. Defendant admits Paragraph 26.

27. Defendant admits Paragraph 27.

28.     Defendant admits Paragraph 28.

29.     Defendant admits Paragraph 29.

**E.     FGI'S FOIA REQUEST FOR RECORDS OF COMMUNICATIONS WITH OMB RELATING TO EPA'S TERMS AND CONDITIONS OR GRANT AGREEMENTS UNDER THE GREENHOUSE GAS REDUCTION FUND.**

30.     Defendant admits the first sentence of Paragraph 30.  The rest of the allegations of Paragraph 30 consist of Plaintiff's characterization of its FOIA request.  Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and otherwise denies any allegations inconsistent therewith.

31.     Defendant admits Paragraph 31.

32.     Defendant admits Paragraph 32.

33.     Defendant admits Paragraph 33.

34.     Defendant admits Paragraph 34.

**F.     FGI'S FOIA REQUEST FOR RECORDS OF COMMUNICATIONS WITH THE WHITE HOUSE RELATING TO EPA'S TERMS AND CONDITIONS OR GRANT AGREEMENTS UNDER THE AGREEMENTS UNDER THE GREENHOUSE GAS REDUCTION FUND.**

35.     Defendant admits the first sentence of Paragraph 35.  The rest of the allegations on Paragraph 35 consist of Plaintiff's characterization of its FOIA request.  Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and otherwise denies any other allegations inconsistent therewith.

36.     Defendant admits Paragraph 36.

37.     Defendant admits Paragraph 37.

38.     Defendant admits Paragraph 38.

39.     Defendant admits Paragraph 39.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

40.     Defendant incorporates, by reference, all previous paragraphs of its Answer.

41.     Paragraph 41 consists of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that as of the date that the Complaint was filed, Defendant had not issued a final response to Plaintiff's six FOIA requests underlying this Complaint and further avers that Agency staff began processing the six requests prior to the filing of this Complaint.  Defendant denies the remaining allegations of this paragraph.

42.     Defendant denies Paragraph 42.

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's requested prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions.  5 U.S.C. § 552(b).

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under the FOIA.

**SEVENTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**EIGHTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA requests.  5 U.S.C. § 552(a)(6)(C).

*     *     *

- 8 -

Dated:  April 20, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:       */s/ Mason D. Bracken*
      MASON D. BRACKEN
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2523
      mason.bracken@usdoj.gov

*Attorneys for the United States of America*